IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03015-BNB

HENRY LEE GRIFFIN, JR.,

     Plaintiff,

v.

STEVE SMITH, in his individual and official capacity,
CORRECTIONS CABLE TV CORP., and
RICK RAEMISCH, in his official capacity,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Henry Lee Griffin, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Buena Vista, Colorado.  He filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and injunctive relief.

The Court must construe Mr. Griffin's complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Mr. Griffin has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr. Griffin's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

(1989).  For the reasons stated below, the Prisoner Complaint and the action will be dismissed as legally frivolous.

As justification for filing the instant action, Mr. Griffin cites a sentence in an order entered on December 17, 2009 (ECF No. 5), in *Floyd v. Ortiz*, No. 81-cv–01754-JLK (D. Colo. Feb. 5, 1982), in which the Honorable John L. Kane stated "[I]nmates who believe their canteen accounts have been unconstitutionally mishandled or misappropriated may commence new actions under 42 U.S.C. § 1983."  ECF No. 5 in No. 81-cv-01754-JLK at 3.

Mr. Griffin asserts four claims, the first three of which are based upon what he refers to as the "Colorado Canteen Trust Fund" pursuant to Colo. Rev. Stat. § 17-24-126, which provides:

> (1) There is hereby created in the state treasury a special revolving enterprise account to be known as the canteen, vending machine, and library account.  The account shall be used by the division [of correctional industries] to establish and operate a canteen for the use and benefit of the inmates of state correctional facilities and to operate vending machines for the use of visitors to state correctional facilities. The moneys in the account shall be continuously available to the division and are appropriated for the purposes set forth in subsection (3) of this section.
>
> (2) The canteen and vending machines shall be managed by the division, and they shall not be operated in any manner for the personal profit of any employees of the division or any inmates of state correctional facilities.
>
> (3) Items in the canteen shall be sold to inmates, and items in vending machines shall be sold to visitors, at prices set so that revenues from the sale are sufficient to fund all expenses of the canteen and vending machines, including the cost of services of employees of the canteen and the cost of servicing the vending machines, and to produce a reasonable profit.  All revenues derived from the canteen

> and vending machines and interest derived from the deposit
> and investment of moneys in the canteen, vending machine,
> and library account shall be credited to such account.  Any
> profits arising from the operation of the canteen and vending
> machines shall be expended for the educational,
> recreational, and social benefit of the inmates and to
> supplement direct inmate needs.

Colo. Rev. Stat. § 17-24-126.

As his first claim, Mr. Griffin contends that Steve Smith, director of the Colorado

Correctional Industries, is violating his fiduciary duties by misappropriating assets and

profits from the Colorado canteen, vending machine, and library account (the Account).

He specifically claims Mr. Smith is depriving him of his protected liberty and property

interests under the Due Process Clause in the Account assets by withdrawing funds to

enter into a five-year contract with Corrections Cable TV Corp. to purchase hundreds of

digital LED televisions he is selling to prisoners through the Colorado Correctional

Industries canteen at a profit and without remote controls and their batteries, which

Plaintiff contends were illegally removed and are being sold to prisoners separately and

at a profit.  He also contends Mr. Smith's actions have harmed him and other

unspecified similarly situated inmates by investing in television channels they do not

want.  He further contends Mr. Smith committed fraud by charging him and similarly

situated Account beneficiaries for the same property both through the initial bulk

purchase and through individual sales, and by providing them with television channels

they do not want.  He seeks to freeze assets in the Account.

As his second claim, Mr Griffin alleges that, as a beneficiary of the Account, his

due process rights are being violated by the five-year contract entered into between

Colorado Correctional Industries and Corrections Cable TV Corp.

3

As his third claim, Mr. Griffin alleges that Steve Smith is violating his due process rights by depriving him of the Assets to enter into the five-year contract.

As his fourth claim, he alleges that Rick Raemisch, DOC executive director, has violated his equal protection rights by treating him and all prisoners in the Buena Vista Correctional Facility's Incentive Unit Program differently than similarly situated prisoners in other incentive unit programs.  Examples of the alleged different treatment include, but are not limited to, late nights on weekends, delivery food such as pizza, chicken, double mattresses, and mature games.

Prison officials have broad administrative and discretionary authority over the institutions they manage.  The federal courts generally review the decisions of prison authorities with deference.  *See Sandin v. Conner*, 515 U.S. 472, 482 (1995) ("federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment").  The administration of a prison is "'at best an extraordinarily difficult undertaking.'" *Hewitt v. Helms*, 459 U.S. 460, 467 (1983), quoting *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).  Thus, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *see also Meachum v. Fano*, 427 U.S. 215 (1976) (prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively); *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (prison officials retain "broad administrative and discretionary authority to manage and control the prison institution") (citing *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987).  A

4

challenge to the charges or items available at a prison's commissary or canteen do not present a constitutional claim. *Banks v. Jordan*, No. 05-cv-0139-TCM, 2008 WL 4371491, at *1 (E.D. Mo. Sept. 19, 2008) (unpublished).

Clearly, the DOC has authority to manage its prisons. *See Reeves v. Colorado Dep't of Corr.*, 155 P.3d 648, 651 (Colo. Ct. App. 2007) (citing Colo. Rev. Stat. §§ 17-1-203, -111). "[A]bsent a statutory or constitutional violation, courts generally do not intervene in matters of prison administration and defer to the DOC in the management of penal institutions." *Id.*, *Powell v. Colorado Pub. Utils. Comm'n*, 956 P.2d 608, 613-614 (Colo. 1998).

Mr. Griffin's disagreement with the purchase and price of television sets sold through the prison canteen, the separate selling of remote control units and batteries, and the television channels offered by the prison does not rise to the level of a constitutional violation. Clearly, prison officials have broad administrative and discretionary authority pursuant to Colo. Rev. Stat. § 17-24-126 over the decisions they make as to the televisions and accessories to buy, the prices to charge for those televisions and accessories, and the television channels to make available to the prison population. Mr. Griffin's due process claims one, two, and three will be dismissed as legally frivolous.

Mr. Griffin's fourth claim concerning the violation of his equal protection rights also is without merit. The Equal Protection Clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV. "The threshold requirement of an Equal Protection claim is a showing that the government discriminated among groups." *Kinnell v. Graves*, 265 F.3d 1125, 1128

5

(10th Cir. 2001). "A state practice will not require strict judicial scrutiny unless it interferes with a 'fundamental right' or discriminates against a 'suspect class' of individuals." *Vasquez v. Cooper*, 862 F.2d 250, 252 (10th Cir. 1988). "Unless a legislative classification either burdens a fundamental right or targets a suspect class, it need only bear a 'rational relation to some legitimate end' to comport with the Equal Protection Clause of the Fourteenth Amendment." *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir.1998) (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)). *See also Vasquez*, 862 F.2d at 251-52 ("Unless it provokes strict judicial scrutiny, a state practice that distinguishes among classes of people will typically survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose") (citation omitted).

Mr. Griffin's allegations do not implicate either a fundamental right or a protected class. Therefore, when considering his equal protection claim, the Court applies a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected class." *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008). A person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod*, 94 F.3d at 1406. Equal protection, however, does not require that all people be treated identically. *See Hendking v. Smith*, 781 F.2d 850, 851 (11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981).

Mr. Griffin's allegations fail to demonstrate how his equal protection rights were violated because he and other prisoners in the prison's Incentive Unit Program were

6

treated differently than similarly situated prisoners in other incentive unit programs.  It is

not plausible that "there are no relevant differences between [Mr. Griffin] and other

inmates that reasonably might account for their different treatment." *Templeman* v.

*Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).  Mr. Griffin himself admits he is comparing

inmates in different incentive programs.  As a result, Mr. Griffin cannot establish that he

was treated differently than "similarly situated" inmates.  The equal protection claim is

meritless.  The Prisoner Complaint will be dismissed as legally frivolous.

This matter also is before the Court on "Plaintiff's Motion Requesting One Free

Electronic Copy of (ECF No. 1) and (ECF No. 2) as Required by Judicial Conference of

the United States Policy Permits for Pro Se Litigants" (ECF No. 12) filed on January 17,

2014.  In the motion, Mr. Griffin requests one free copy of the Prisoner Complaint he

filed on November 4, 2013, claiming that the Judicial Conference of the United States

permits attorneys of record and parties in a case, including *pro se* litigants, to receive

one free electronic copy of all documents filed electronically.  He fails to cite any

authority for this purported policy.

Under the tab for Court Records on the Judicial Conference website,

www.uscourts.gov/FederalCourts/JudicialConference, there is a comment titled "Is there

a fee?" regarding copies of court records, which reads as follows:

> Electronic records and paper court records retained at the
> court site can be viewed for free. . . . There is a fee of 10
> cents per page to access a file through Public Access to
> Court Electronic Records (PACER), with a maximum charge
> of $3.00 per document.  There is a fee of 10 cents per page
> to print from a public access terminal at the courthouse.  It
> costs 50 cents to copy a paper document at the courthouse.

This Court's fee of 10 cents per page for printing from a public access terminal at

the courthouse and 50 cents per page to copy a paper document at the courthouse is reiterated on the Court's Fee Schedule – Effective January 1, 2014.  This fee schedule may be viewed under the Forms tab for Miscellaneous Forms/Information, on the Court's website, www.cod.uscourts.gov/CourtOperations/FeeSchedule.  Mr. Griffin may obtain copies of the docket sheet and electronic documents filed in this action at a cost of $.50 per page paid in advance.  Plaintiff is advised to keep his own copies of any documents that he files with the Court because the Court's electronic filing system does not allow the Court to maintain paper copies.  The motion for free electronic copies (ECF No. 12) will be denied.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Griffin files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) that Plaintiff, Henry Lee Griffin, Jr., filed *pro se* on November 4, 2013, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)  as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that "Plaintiff's Motion Requesting One Free Electronic Copy of (ECF No. 1) and (ECF No. 2) as Required by Judicial Conference of the United States Policy Permits for Pro Se Litigants" (ECF No. 12) is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this __19th__ day of ____March_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court